NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW MCKINLEY, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SOUTHWEST AIRLINES COMPANY, a Texas corporation, <br><br> Defendant-Appellee. | No. 15-56010 <br><br> D.C. No. 2:15-cv-02939-AB-JPR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted February 16, 2017**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Matthew McKinley, a former employee of defendant Southwest Airlines, appeals from the District Court's decision to grant Southwest's Federal Rule of Civil Procedure 12(b)(1) motion, which held that his complaint for overtime wages under California Labor Code §§ 510 and 1194 was preempted by the Railway Labor Act ("RLA"). As the parties are familiar with the facts, we do not recount them here. We affirm the decision of the District Court.

We review *de novo* a district court's order granting a motion to dismiss on preemption grounds. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). We have articulated a two-step inquiry to analyze RLA preemption of state law claims:

> First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement ("CBA")]. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there. If the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is preempted by [the RLA]. If there is not, then the claim can proceed under state law.

*Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016) (citations and internal quotation marks omitted).

2

McKinley's complaint purports to base his right to overtime wages in state law, independent of the CBA. *See* Cal. Lab. Code § 510 ("[A]ny work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.").

However, the complaint also implicates multiple provisions of the CBA. For example, it alleges that "Defendant did not calculate and/or factor all remuneration earned by Plaintiff and Class Members in their regular rate of pay, including non-discretionary incentive pay and shift differential pay." First Amended Complaint ¶ 17. These references to "regular rate of pay," "non-discretionary incentive pay," and "shift differential pay" all implicate the CBA. The reference to "all remuneration" further implicates shift-trade pay, holiday pay, inconvenience shift premiums, and multiple starting time premiums, all matters covered by the CBA. *See, e.g.*, CBA Art. 6, ER at 127–31; Art. 7, ER at 132–35; Art. 9, ER at 138; Art. 13, ER at 144–45; Art. 14, ER at 146–47; Art. 22, ER at 161; Art. 28, ER at 172–86.

The District Court therefore correctly determined that "[i]n order to assess Plaintiff's broadly-alleged claim, the Court would have to examine each form of pay provided by the CBA, determine when that pay was due, and then decide whether the pay should have been included in Plaintiff's regular rate." *McKinley v.*

3

*Sw. Airlines Co.*, No. CV 15-02939-AB JPRx, 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015). Thus, the District Court also properly held that since the resolution of the claim requires interpretation of the CBA, the complaint is preempted. *See Air Transp. Ass'n of Am. v. City & Cty. of S.F.*, 266 F.3d 1064, 1076 (9th Cir. 2001) ("[S]tate law causes of action that depend upon the interpretation of CBAs are preempted because the interpretation or application of existing labor agreements are the exclusive jurisdiction of the arbitrational bodies created by the RLA.").

McKinley's argument that the Court need only "look to" the CBA rather than interpret it is not persuasive. The issue raised by McKinley's complaint is what components of pay should form the basis of the overtime wage. To answer that question, we necessarily will have to interpret the CBA, not merely look at it. The cases on which he relies are distinguishable. They involve the adequacy of CBA remuneration compared to the requirements of California's regular rate standards, not *how* that rate was computed. *See Lujan v. S. Cal. Gas Co.*, 96 Cal. App. 4th 1200, 1210 (2002) ("Thus, the issue is not how to resolve a dispute over the interpretation of the [rate], but a legal question of whether the [rate] complies with state law."); *Controulis v. Anheuser-Busch, LLC*, No. CV 13-07378-RGK AJWx, 2013 WL 6482970, at *2 (C.D. Cal. Nov. 20, 2013).

4

For the foregoing reasons, we affirm the District Court. Because we lack jurisdiction, we need not address whether McKinley is exempt from the California Industrial Welfare Commission's Wage Order No. 9.

AFFIRMED.